IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01424-GPG

**AMARJIT SINGH**,

    Applicant,

v.

**SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY**;
**LORETTA LYNCH**, U.S. Attorney General; and
**Director of Immigration & Naturalization Service (USCIS)**,

    Respondent.

---

**ORDER DENYING WRIT OF HABEAS CORPUS**

---

Petitioner, a citizen of India, is an illegal alien and has been ordered removed from the United States to his native country. In his Petition for Writ of Habeas Corpus he complains that United States Immigration and Customs Enforcement (ICE) is holding him too long before removing him. On July 7, 2015, the Court ordered Respondent to show cause why the Application should not be granted. On July 27, 2015, Respondent filed a Response (ECF No. 8). On August 17, Petitioner filed a Reply (ECF No. 9). On September 30, 2015, Respondents filed a Status Report indicating that travel documents have been issued for Petitioner and that his removal is anticipated in the near future (ECF No. 12). For the reasons set forth below, the Court will deny the Petition.

**A. Relevant Factual Background**

Petitioner is a native and citizen of India who illegally entered the United States on September 5, 2014, at or near San Ysidro, California. He is removable pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i), because he is an

immigrant who was not in possession of a valid, unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document as required. He was placed into removal proceedings with the filing of a Notice to Appear on September 22, 2014 (ECF No. 8-3). The Notice to Appear determined that Petitioner was an arriving alien, that he had stated a credible fear of persecution or torture and was entitled to a hearing on that basis. On October 27, 2014, ICE denied Petitioner's request for parole from immigration detention pending the completion of Petitioner's removal proceedings (ECF No. 8-4). On January 20, 2015, Petitioner received a hearing in immigration court regarding his application for asylum, withholding of removal, or deferral under the Convention Against Torture. On January 30, 2015, an Immigration Judge (IJ) denied Petitioner's applications and ordered that he be removed from the United States (ECF No. 8-5) (removal order). Petitioner appealed this determination to the Board of Immigration Appeals (BIA).

Petitioner then filed a motion for release on bond to the immigration court, which rejected Petitioner's motion for lack of jurisdiction (ECF No. 8-6). On April 15, 2015, ICE denied Petitioner's request for release on parole or bond (ECF No. 8-7).

On May 27, 2015, the BIA dismissed Petitioner's appeal. His order of removal became final on that date. (ECF No. 8-10). Petitioner has appealed this decision to the Court of Appeals for the Tenth Circuit. *See Singh v. Lynch*, No. 15-9541 (10th Cir.). On June 18, 2015, Petitioner's Motion for A Stay of his Removal was denied by that Court (ECF No. 8-11). On August 15, 2015, travel documents were issued for Petitioner's removal and return to India (ECF No. 10-1).

In his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Mr. Singh raises an alleged due process violation based on the length of his detention. For the

reasons set forth below, the Court finds no merit to this claim.

### B. Analysis

Aliens who "arrive" at the border seeking entry into the country are deemed to be "applicant for admission" to the country. 8 U.S.C. § 1225(a)(1); see also 8 C.F.R. § 1.1(q) (defining an arriving alien as an "applicant Petitioner for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry"). As an applicant for admission, aliens are required to be inspected by immigration officers at the border. See 8 U.S.C. § 1225(a)(3). Such "arriving" aliens who are inspected at the border but are denied admission are classified as "inadmissible" aliens because they are not officially admitted into the United States. See 8 U.S.C. §§ 1101(a)(13)(A) and 1182(6)(A)(I).

If an immigration officer determines that an alien is inadmissible, that officer may order the alien removed from the United States without further hearing or review. 8 U.S.C. § 1225(b)(1)(A)(i). If, however, the alien indicates an intention to apply for asylum during the inspection, the alien's immediate removal is stayed and he is detained by the INS for consideration of his application for asylum. See 8 U.S.C. §§ 1225(b)(1)(A)(ii) and 1225(b)(1)(B)(ii).

If asylum is denied, an IJ orders the alien removed. Once a final order of removal has been entered against an alien, the government typically must remove the alien from the United States within ninety days. Here, Mr. Singh's order of removal became final on May 27, 2015. See 8 C.F.R. § 1241.1(a) (an order of removal is final upon dismissal of an appeal to the BIA); 8 U.S.C. § 1231(a)(1)(B) ("removal period" begins when order of removal is administratively final unless a court orders a stay of removal). Under 8 U.S.C.

§ 1231(1)(A), the Attorney General has 90 days to remove the alien.  This initial 90-day period expired on August 27, 2015, after Mr. Singh had filed his Petition. Thus, his Petition was premature when he filed it.

Moreover, 8 U.S.C. § 1231(a)(6) authorizes the Attorney General to detain certain classes of aliens beyond the ninety day removal period.

> 6) Inadmissible or criminal aliens
>
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

Petitioner is inadmissible under 8 U.S.C. § 1182.  *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I) (stating that an immigrant applying for admission who is not in possession of a valid, unexpired passport is inadmissible).  Thus, his detention is governed by 8 U.S.C. § 1231(a)(6) and 8 C.F.R. § 241.4(a)(1).  The Supreme Court interpreted the constitutionality of 8 U.S.C. § 1231(a)(6) in *Zadvydas v. Davis*, 533 U.S. 678 (2001) where aliens who had been ordered removed were being detained beyond the 90–day removal period.  In that case, the government could not secure their removal because the designated countries either refused to accept them or did not maintain repatriation agreements with the United States.  Recognizing that a statute permitting indefinite detention of an alien would raise a serious constitutional problem, the Court ruled that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Id.* at 699.  In so ruling, the Court set forth a presumptively reasonable length of detention as lasting six months.  *Id.* at 701. Moreover, the Court clarified that detention beyond six months does not, by itself,

mean that the alien must be released. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* After the 6-month period, if the alien can provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.* The Supreme Court applied its holding in *Zadvydas* to aliens deemed inadmissible like Mr. Singh in *Clark v. Martinez*, 543 U.S. 371, 378 (2005).

Under *Zadvydas,* Mr. Singh may be detained beyond the 90-day removal period contained in 8 U.S.C. § 1231(a)(1)(A) for an additional 180 days in accordance with 8 U.S.C. § 1231(a)(6). As such, the Government may detain Mr. Singh until February 21, 2016 without running afoul of the Due Process Clause.

Moreover, *Zadvydas* places the burden on the alien to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. In the case at bar, Petitioner has not shown that his removal is not likely in the reasonably foreseeable future; nor can he. Unlike the aliens in *Zadvydas*, Petitioner's home country provided a travel document allowing his reentry and there is no indication that the document will not be re-issued. As there are no institutional obstacles to Petitioner's removal, it appears very likely to occur in the reasonably foreseeable future. Thus, Petitioner has failed to carry his burden of demonstrating that there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. Thus, he has failed to show that his continued detention is a violation of his Due Process rights. Accordingly, he is not entitled to habeas corpus relief.

## C. CONCLUSION

Based on the authority set forth above, and upon full consideration of the record presented by way of the parties' submissions, the Court finds that Petitioner has failed to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States" for the purposes of granting habeas corpus relief under 28 U.S.C. § 2241. Accordingly, it is

**ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**.   It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Carter files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 14, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
Lewis T. Babcock
Senior United States District Judge